UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:07CV-113-M**

**LARRY BREWER**                                                                               **PLAINTIFF**

**VS.**

**PORTFOLIO RECOVERY ASSOCIATES**                           **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, Portfolio Recovery Associates, to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) [DN 3]. Fully briefed, this matter is ripe for decision.

**STANDARD OF REVIEW**

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiff[], accept all well-pled factual allegations as true and determine whether plaintiff[] undoubtedly can prove no set of facts consistent with [his] allegations that would entitle [him] to relief." League of United Latin American Citizens v. Bredesen, ___ F.3d ___, 2007 WL 2416474, *2 (6th Cir. Aug. 28, 2007) (citing Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006)). This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). A plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S.

___, 127 S.Ct. 1955, 1964-65 (2007); Bredesen, 2007 WL 2416474, *2. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." Bredesen, 2007 WL 2416474, *2 (citing Twombly, 127 S.Ct. at 1965). To state a valid claim, "a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." Id. (citing Twombly, 127 S.Ct. at 1969). It is against this standard that the Court reviews the following allegations.

## BACKGROUND

Plaintiff, Larry Brewer, filed this action in the Logan Circuit Court on May 31, 2007, against the Defendant, Portfolio Recovery Associates, alleging claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, and the Kentucky Consumer Protection Act ("KCPA"), KRS § 367.110. Plaintiff alleges that the Defendant violated the FDCPA and/or the KCPA by sending a letter requesting payment on a time-barred debt. Plaintiff alleges that on May 8, 2007, the Defendant sent Plaintiff a communication with regard to collection of an alleged debt in the amount of $2,444.20. In the letter, Defendant advised Plaintiff as follows:

> Portfolio Recovery Associates purchased the account referenced above [Capital One Bank, balance $2,444.20] on 03/22/07. Interest continues to accrue on this account until the account is satisfied. The stated balance includes interest as of the date of this letter. All future payments and correspondence for this account, including credit counseling service payments, should be directed to us. This account may be collected by us or by our affiliate, Anchor Receivables Management."

(Complaint, Exhibit A.)[1]  Plaintiff maintains that enforcement of the alleged debt is barred by the statute of limitations and Defendant "in an unfair and deceptive trade practice and in violation of the FDCPA misrepresented the legal status of the debt and attempted to deceive Brewer in paying an alleged debt that is no longer a legally enforceable debt."  (Id. at ¶ 9.)

On June 27, 2007, Defendant removed the action to this Court and now seeks to dismiss it.  Defendant argues that the collection letter in question cannot be the basis for a FDCPA and/or KCPA claim since it did not threaten legal action.  As a result, Defendant contends that Plaintiff's complaint should be dismissed with prejudice.

## DISCUSSION

**A.  Fair Debt Collection Practices Act**

Congress enacted the Fair Debt Collection Practices Act in order to eliminate "'the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.'"  Harvey v. Great Seneca Financial Corp., 453 F.3d 324, 329 (6th Cir. 2006)(quoting 15 U.S.C. § 1692(a)).  The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any

---

[1]The letter further provided:
Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.
(Complaint, Exhibit A.)

debt." 15 U.S.C. § 1692(e). "In determining whether any particular conduct violates the FDCPA, the courts have used an objective test based on the least sophisticated consumer." Harvey, 453 F.3d at 329. In the present case, the question before the Court is whether an attempt by a defendant to collect a time barred debt violates the FDCPA.

In Kentucky, "a statute of limitations does not extinguish a legal right but merely affects the remedy." Wethington v. Griggs, 392 S.W.2d 56, 57 (Ky. 1964); Stone v. Thompson, 460 S.W.2d 809, 810 (Ky. 1970); Langford v. State Bank & Trust Co., 65 S.W.2d 730, 731 (Ky. 1933)("[A] statute of limitations is one of repose and operates generally on the remedy directly and does not extinguish the right . . . ."); Kentucky Civil Rule 8.03. Therefore, the statute of limitations affects the debt collector's remedy, but it does not eliminate the debt.

Because the running of the statute of limitations does not extinguish a debt, courts have generally held that absent a threat of litigation or actual litigation, there is no FDCPA violation in attempting "to collect on a potentially time-barred debt that is otherwise valid." Freyermuth v. Credit Bureau Services, Inc., 248 F.3d 767, 771 (8th Cir.2001); Johnson v. Capital One Bank, 2000 WL 1279661, *2 (W.D. Tex. May 19, 2000); Shorty v. Capital One Bank, 90 F. Supp. 2d 1330, 1332 (D. N.M. 2000); Beattie v. D.M. Collectors, Inc., 754 F. Supp. 383, 393 (D. Del. 1991). See also Harvey, 453 F.3d at 332 (recognizing this line of case law without expressing an opinion on this question). "However, where a debt collector threatens to sue on a debt it knew was time-barred by the statute of limitations, a violation of the FDCPA will lie." Gervais v. Riddle & Associates, P.C., 479 F. Supp. 2d 270, 273 (D.

4

Conn. 2007). The Court finds Freyermuth and the other cases cited persuasive and holds that in the absence of a threat of litigation or actual litigation, a defendant does not violate the FDCPA by attempting to collect a debt on which litigation would be time barred.

In the present case, the Plaintiff did not allege that Defendant explicitly or implicitly threatened him with further collection action. Further, the Court finds that no threat to sue can be inferred in the debt collection letter sent by Defendant when it is read from the least sophisticated debtor perspective. For these reasons, the Court finds that the Plaintiff has failed to state a claim for a violation of the FDCPA.

**B. Kentucky Consumer Protection Act**

Appellant brings a claim under the Kentucky Consumer Protection Act ("KCPA"), K.R.S. § 367.170, et seq. The KCPA declares unlawful "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce." K.R.S. § 367.170. The KCPA provides a private remedy to "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal," as a result of a violation of KRS § 367.170. KRS § 367.220(1). The remedial provisions of the KCPA requires that "'privity of contract exist between the parties in a suit alleging a violation of the Consumer Protection Act.'" Alfred v. Mentor Corp., 2007 WL 708631, *7 (W.D. Ky. March 5, 2007)(citing Ky. Laborers Dist. Council v. Hill & Knowlton, Inc., 24 F. Supp.2d 755, 772-73 (W.D. Ky. 1998) (quoting Skilcraft Sheetmetal v. Ky. Machinery, Inc., 836 S.W.2d 907, 909 (Ky. App.1992)).

Plaintiff has not alleged that he purchased goods or services from Defendant, or that

he was in privity of contract with Defendant. Since the Plaintiff purchased nothing from Defendant, and was not otherwise in privity with it, the KCPA provides no recovery. Tallon v. Lloyd & McDaniel, 497 F. Supp. 2d 847, 854 (W.D. Ky. 2007)("The language of the [KCPA] 'plainly contemplates an action by a purchaser against his immediate seller.'" Id. (quoting Skilcraft, 836 S.W.2d at 909)); Eversole v. EMC Mortg. Corp., 2005 WL 3018755, *2 (E.D. Ky. 2005)(A plaintiff purchased a loan from CIT who transferred the loan to EMC to service, the district court held that the plaintiff was not in privity with EMC and therefore, did not have standing to sue under the KCPA). For these reasons, the Court find that Plaintiff's claim under the Kentucky Consumer Protection Act should be dismissed.

## CONCLUSION

For the reasons set forth above, the motion by Defendant, Portfolio Recovery Associates, to dismiss the complaint [DN 3] is **GRANTED**.


cc: counsel of record